## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABDUL MOHAMED WAKED FARES
Urbanizacion Obarrio, Avenida Samuel Lewis
Torre Generali, Piso 11
Panama, Republica de Panama;

MOHAMED ABDO WAKED DARWICH
Calle 15 y Avenida Roosevelt
Edificio Grupo Wisa, Zona Libre de Colon
Provincia de Colon, Republica de Panama;

LUCIA TOUZARD ROMO
Urbanizacion Obarrio, Avenida Samuel Lewis
Torre Generali, Piso 11
Panama, Republica de Panama; and

GRUPO WISA, S.A.
Calle 15 y Avenida Roosevelt
Edificio Grupo Wisa, Zona Libre de Colon
Provincia de Colon, Republica de Panama,

        ***Plaintiffs*,**

***v*.**

JOHN E. SMITH, in his official capacity as
Acting Director, Office of Foreign Assets
Control of the Department of the Treasury
1500 Pennsylvania Ave., N.W.
(Freedman Bank Building)
Washington, DC 20220; and

THE OFFICE OF FOREIGN ASSETS
CONTROL OF THE UNITED STATES
DEPARTMENT OF THE TREASURY
1500 Pennsylvania Ave., N.W.
(Freedman Bank Building)
Washington, DC 20220,

        ***Defendants*.**

**Civil Action No. 16-1730**

## COMPLAINT

Plaintiffs Abdul Mohamed Waked Fares, Mohamed "Hamudi" Abdo Waked Darwich, Lucia Touzard Romo and Grupo Wisa, S.A., bring this Complaint against Defendants John E. Smith, in his official capacity as Acting Director of the Office of Foreign Assets Control ("OFAC"), and OFAC, part of the United States Department of the Treasury (herein, "Defendants"), and allege as follows.

### NATURE OF THE ACTION

1.      On May 5, 2016, Defendants designated sixty-eight businesses and eight individuals as Specially Designated Narcotics Traffickers ("SDNTs") pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901 *et seq*.  Plaintiffs are among the seventy-six named persons or companies.  They seek access to the administrative record underlying the designations to permit a meaningful exercise of their constitutional and statutory due process rights of review, reconsideration, and delisting.  As detailed below, Defendants have wrongfully denied Plaintiffs adequate access to the record or to the details underlying their designations.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This action arises under the United States Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq*.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because all Defendants reside or are found in this judicial district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

4.      Plaintiff Abdul Mohamed Waked Fares ("Abdul Waked") is a citizen of Panama and Colombia.  He has resided in Panama for thirty-four years.  He is the sole owner of Plaintiff Grupo Wisa and several other designated companies that have substantial economic connections with the United States.  Abdul Waked had financial assets in the United States when he was designated on May 5, 2016.  They are currently blocked.

5.      Plaintiff Mohamed Abdo Waked Darwich ("Hamudi Waked") is Abdul Waked's son.  He is a citizen of Panama and Colombia.  He is Executive Vice President of Plaintiff Grupo Wisa and is a director of other designated companies that have substantial economic connections with the United States.

6.      Plaintiff Lucia Touzard Romo ("Lucia Touzard") is a citizen of Panama.  She resides in Panama and began working for Grupo Wisa as one of its corporate lawyers in 2002.  Lucia Touzard is a corporate officer of several designated companies and, as required by Panamanian law, a resident agent of other designated entities that have substantial economic connections with the United States.  Lucia Touzard has no financial or ownership interests in any designated company, including Plaintiff Grupo Wisa.

7.      Plaintiff Grupo Wisa, S.A., is a wholesale distributor and retail seller of consumer goods—including fragrances, electronics, beauty and health care products, jewelry, watches and luggage—throughout Latin America.  It was founded by Plaintiff Abdul Waked in 1982.  In 2015, Grupo Wisa earned over $600 million in revenue and employed more than 5,000 individuals throughout Latin America.  The company's financial statements are audited yearly by Deloitte, Inc., and its records, cash management practices and inventory controls are subject to regular audit by government regulators and suppliers.  Grupo Wisa's assets in 2015 included

over 200 duty-free and duty-paid retail stores located in Panama, Colombia, Mexico, Bolivia, Guatemala, Costa Rica, El Salvador, Honduras and Uruguay.  Grupo Wisa also operates a major distribution warehouse located in Panama's semi-autonomous Colón Duty Free Zone near the Canal.  Grupo Wisa had distribution contracts with 46 suppliers throughout the world, and many of those contracts were held by suppliers and subsidiaries based in the United States, including, but not limited to, Estee Lauder, Arden, Movado Group, LVMH and Christian Dior.  All supply contracts have been suspended due to the May 5 designations.  In the absence of meaningful reconsideration and relief, the thirty-four year enterprise and its thousands of jobs will cease to exist.

8.     Defendant John E. Smith is the Acting Director of OFAC.  He is sued in his official capacity as Acting Director and the signatory of the May 5, 2016 designation order, which was published in the Federal Register on May 10.  81 Fed. Reg. 28,937.

9.     Defendant OFAC is an agency of the U.S. Treasury Department that administers and enforces economic and trade sanctions under authority granted by the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq*.  OFAC issued the May 5 designation order. 81 Fed. Reg. 28,937.

## FACTS COMMON TO ALL COUNTS

10.     A Press Release accompanied the May 5, 2016 designations issued by Defendants.  *See* Press Release, U.S. Treasury Department, https://www.treasury.gov/press-center/press-releases/Pages/jl0450.aspx (May 5, 2016).  It asserted that Plaintiff Abdul Waked and a nephew, Nidal Ahmed Waked Hatum ("Nidal Waked") were "co-leaders" of a narcotics money laundering network dubbed the "Waked Money Laundering Organization" (hereinafter "Waked MLO").  *Id.*  Of the sixty-eight designated companies, twenty-four are owned or

operated by Abdul Waked; the remainder are affiliated with Nidal Waked.  There is no common

ownership, influence or control between the designated companies affiliated with Abdul Waked

and Nidal Waked.

11.     Nidal Waked was arrested in Bogota, Colombia on the same day of the

designations pursuant to the unsealing of an indictment filed in the United States District Court

for the Southern District of Florida on March 25, 2015.  No Plaintiff, or any person or company

associated with Plaintiffs, is named in the indictment.

12.     On May 13, 2016, the United States Embassy in Panama issued a second U.S.

government statement regarding the designations.  It asserted that the "Waked MLO" laundered

drug money using "suitcases full of cash, counterfeit invoices and other money laundering

methods."  Statement by Ambassador John D. Feeley on the Waked Money Laundering

Organization, U.S. Embassy in Panama, http://panama.usembassy.gov/sp051316.html (May 13,

2016).  It also identified Nidal Waked "as a priority target [of the United States government], one

of the worst drug traffickers and launderers in the world."  *Id.*

13.     The U.S. Embassy in Panama commented on the designations again on May 30,

2016, correctly contrasting OFAC's designations—administrative action that requires mere

"reason to believe"—with the criminal indictment of Nidal Waked—which requires proving

guilt beyond a reasonable doubt.  *See* EEUU busca proteger empleos de colaboradores del grupo

Waked, TVN Noticias, http://www.tvn-2.com/nacionales/Embajador-EEUU-dice-Waked-

delicado-financiero-lavado-narcotrafico_0_4495050482.html (May 30, 2016).  The May 30 U.S.

government comments also purported to address Panamanian demands for disclosure of the

grounds for the designations given their adverse impact on the livelihood of thousands of

Panamanian families.  The U.S. Ambassador responded that disclosure would create chaos and

that "transparency does not mean releasing all the information you have at once.  Transparency consists of having very strong democratic institutions and transparent processes that everyone understands."  *Id*.  This lawsuit invokes precisely those institutions and principles.

14.     As noted in Paragraph 10, the State Department was not the only United States agency to speak outside of the administrative record.  The Press Release issued by the Treasury Department on May 5, 2016 included published photographs of the individual Plaintiffs and a sketch of the "Waked MLO."  It also alleged generically that the "Waked MLO" "uses trade-based money laundering schemes, such as false commercial invoicing [and] bulk cash smuggling . . . on behalf of multiple international drug traffickers and their organizations."  Press Release, U.S. Treasury Department, https://www.treasury.gov/press-center/press-releases/Pages/jl0450.aspx (May 5, 2016).

15.     Nothing in Defendants' May 5 Press Release, the Embassy's May 13 & May 30 public comments, or, indeed, the designations published in the Federal Register describe the time, place, manner or source of the allegation that Plaintiffs—or one of their 5000 employees in more than 200 retail or wholesale outlets—have somewhere, somehow, someway engaged in sanctionable conduct.

16.     Plaintiffs deny any role in the laundering of drug money.  Moreover, the company is subject to best-in-class external and internal audit programs, as well as government reporting regimes expressly designed to minimize the risk of third-party abuse of Grupo Wisa's multi-national enterprise.  The designations are at war with those facts and Plaintiffs seek meaningful access to Defendants' administrative record to demonstrate that their designations are wrong.

17.      They have also been damning.  Lines of credit have been withdrawn. Distribution contracts have been suspended.  Loans have been called.  Stores have been

shuttered.  Health insurance for employees cancelled.  And, thus far, more than 3,000 employees have lost their jobs.  Without meaningful and prompt access to the administrative record, the remaining 2,000 jobs are in jeopardy.

18.     After securing appropriate licenses to retain counsel as required under U.S. law, Plaintiffs promptly filed a request for reconsideration of the designations pursuant to 31 C.F.R. §§ 598.314 (Note 3) & 501.807 on May 24, 2016.  The request sought delisting, expedited treatment in light of the designations' impact on thousands of employees, a meeting to discuss the designations, and access to the administrative record.  It also invited Defendants to submit questionnaires—standard agency practice and procedure—and pledged further evidentiary submissions that would be responsive to issues or evidence reflected in Defendants' administrative record after it was provided.

19.     With full knowledge of the widespread chaos caused by the designations, Defendants denied Plaintiffs' request for reconsideration on June 8, 2016, effectively deeming it to be premature.

20.     Significantly, Defendants did acknowledge Plaintiffs' right to submit a second petition for reconsideration and delisting "[s]hould the basis for [that] request . . . be further developed or clarified."  Defendants also stated that Plaintiffs' request for the administrative record was being processed.

21.     Defendants provided the promised administrative record in two productions dated July 5 and July 18, 2016.  *See* Exs. 1 (Administrative record dated July 5, 2016) & 2 (Administrative record dated July 18, 2016).  It consists of two evidentiary memoranda.  The first corresponds to the designations of Plaintiffs Abdul Waked and Grupo Wisa and is fifty (50) pages.  Thirty (30) pages were withheld as "non-responsive," curiously, despite the fact that

Plaintiff Abdul Waked is alleged by Defendants to be the co-leader of the network dubbed the "Waked MLO." Of the remaining twenty (20) pages provided, only seven appear to relate specifically to Abdul Waked. All, however, are entirely blacked-out as "Law Enforcement Sensitive." Three pages appear to be related to Grupo Wisa. One is again entirely blacked-out as "Law Enforcement Sensitive." The remaining two simply recite public information.

22.     Nothing is disclosed regarding the allegations in Defendants' May 5 Press Release of "trade-based" money laundering schemes or the similar May 13 & 30 statements of the State Department. An excerpt of the pages corresponding to Abdul Waked in the July 5 evidentiary memorandum is presented below:

 

Ex. 1 at 11-12.

23.     The second evidentiary memorandum corresponds to Plaintiffs Hamudi Waked, Lucia Touzard and the remaining designated companies affiliated with them and Abdul Waked. *See* Ex. 2.  Similarly, only thirty-seven (37) pages of the sixty-two (62) page memorandum were produced, with the remainder withheld as "non-responsive."  Of the thirty-seven (37) pages that were provided, five appear to correspond to Plaintiff Hamudi Waked.  Two paragraphs are redacted as "Law Enforcement Sensitive" and the remainder of the five pages contain publicly-available corporate information.  Four pages correspond to Plaintiff Lucia Touzard, and again, other than two paragraphs redacted as "Law Enforcement Sensitive," the remainder of the information is all publicly available.

24.     In short, what has been presented as the basis for the designations is a "black box," kept secret even from the accused.  Defendants' "disclosure" to Plaintiffs mocks any concept of due process and fair notice and precludes a meaningful right to administrative reconsideration and delisting.

25.     Plaintiffs' disappointment with the "disclosure" was shared with Defendants. Undersigned counsel asked them to reconsider the scope of the redactions and, as an interim measure, to at least consider providing a narrative summary that would provide Plaintiffs with adequate notice of the grounds of their designations while still preserving any legitimate law enforcement concerns.  Defendants declined and this action follows.

## COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS

26.     Paragraphs 1 to 25, *supra*, are incorporated and re-alleged as if fully set forth herein.

27.     Plaintiffs Abdul Waked, Hamudi Waked, Lucia Touzard and Grupo Wisa have the right to petition Defendants for reconsideration of their designations pursuant to 31 C.F.R. §§ 598.314 (Note 3) & 501.807.

28.     Plaintiffs have a due process right to adequate post-designation notice under the Fifth Amendment of the United States Constitution.  Adequate post-designation notice requires Defendants to provide Plaintiffs with the basis for their designations by providing meaningful access to the administrative record.

29.     The heavily redacted record provided by Defendants is legally deficient.  It fails to provide Plaintiffs with adequate and fair notice of the facts or basis of their designations.

30.     Defendants' refusal to provide such access violates Plaintiffs' due process rights under the United States Constitution.

**COUNT II – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT ("APA")**

31.     Paragraphs 1 to 30, *supra*, are incorporated and re-alleged as if fully set forth herein.

32.     Plaintiffs Abdul Waked, Hamudi Waked, Lucia Touzard and Grupo Wisa have the right to petition Defendants for reconsideration of their designations pursuant to 31 C.F.R. §§ 598.314 (Note 3) & 501.807.

33.     That reconsideration right is meaningless without adequate post-designation notice.  Adequate post-designation notice requires Defendants to provide Plaintiffs with the basis for their designations by providing meaningful access to the administrative record.

34.     The heavily redacted record produced by Defendants is legally deficient.  It fails to provide Plaintiffs with the facts or reasons underlying their designations.

35.     Defendants' refusal to provide sufficient notice to permit Plaintiffs to exercise their right to reconsideration, review and delisting violates Plaintiffs' rights under the APA, 5 U.S.C. § 701 *et seq*.

## REQUEST FOR RELIEF

For the reasons set forth herein, Plaintiffs respectfully request that this Court:

a.     Declare that the administrative record provided by Defendants violates Plaintiffs' due process and statutory rights to adequate post-designation notice and a meaningful opportunity to administratively challenge their designations.

b.     Order Defendants to provide an unredacted copy of their administrative record, or any other solution chosen by the Court or agreed to by the parties which provides Plaintiffs with adequate post-designation notice.

c.     All other relief as the Court deems proper.

Respectfully submitted,


_____/s/ Peter J. Kahn_____
Peter J. Kahn (D.C. Bar No. 238386)
David D. Aufhauser (D.C. Bar No. 949396)
James E. Gillenwater (D.C. Bar No. 1020980)
Justin S. Rowinsky (D.C. Bar No. 1028756)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel. (202) 434-5000
Fax (202) 434-5029
pkahn@wc.com
daufhauser@wc.com
jgillenwater@wc.com
jrowinsky@wc.com

*Attorneys for Plaintiffs Abdul Waked; Mohamed Waked; Lucia Touzard; and Grupo Wisa, S.A.*

Dated: August 25, 2016

11